**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tanya Busse,<br><br>                    Plaintiff,<br><br>v.<br><br>City of Mesa, et al.,<br><br>                    Defendants. | No. CV-13-01158-PHX-DGC<br><br>**ORDER** |

Defendant City of Mesa has filed a motion to dismiss. Doc. 37. Defendants Rick Romero, Superior Process Service, Inc. and Kevin Jensen have joined the motion. Docs. 38, 39. Plaintiff has not responded despite prompts by the court to do so, but has filed a motion for summary judgment. Doc. 41. The Court will grant Defendants' motion to dismiss.

**I.     Background.**

Plaintiff seeks damages under 42 U.S.C. § 1983 for an allegedly improper arrest and detention. Doc. 1. Plaintiff was arrested at her place of work on April 19, 2013 for violating an order of protection. The order prohibited her from any contact with her husband, but Plaintiff had texted her husband up to six times in March and April 2013. Doc. 37-2 at 3. Upon arrest, Plaintiff claimed that she had never been served with the order of protection. Doc. 1 at 3-4. Plaintiff was held overnight, during which time she claims to have had small seizures, to have been hit in the head by another woman, and to have suffered extreme cold temperatures, which caused her extreme pain. *Id*. at 4.

In June of 2013, Plaintiff was charged with four counts of interfering with judicial proceedings – domestic violence, for violating the order of protection. Doc. 37-3. On January 13, 2014, Plaintiff was convicted in Mesa Municipal Court on three of the four counts. Doc. 37-4.

## II.     Analysis.

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87. "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id*.

Plaintiff claims that her arrest was invalid and unconstitutional because (1) she "was arrested without committing a crime and without a warrant," (2) the arresting officers "did not follow proper procedure to secure plaintiffs rights and they knew or should have known that the arrest was not lawful," (3) she was embarrassed in front of coworkers; (4) her husband and an individual named Chelsea Holgate alleged false, defamatory information that led to her arrest; and (5) the City of Mesa failed to properly train its employees. Doc. 1 at 5.

The Court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed." *Heck*, 512 U.S. at 487. Most of Plaintiff's allegations concern the charges brought by the City of Mesa and her arrest on those charges. Because these allegations imply the invalidity of the charges and her conviction, they must be dismissed under *Heck*. Plaintiff has not shown that her conviction on the charges has been reversed, overturned, or otherwise called into question by court action.

Further, a § 1983 claim cannot be used to assert claims against her husband and Chelsea Holgate for making false and defamatory statements. These individuals were not acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (defendant must be acting under color of state authority to be subject to a § 1983 claim).

Finally, Plaintiff's claim that the City of Mesa failed to train its employees properly may or may not be subject to a *Heck* defense. To the extent Plaintiff suggests that her arrest and conviction were the result of inadequate training, the claims clearly are barred by *Heck*. To the extent Plaintiff bases her claim of inadequate training on other facts, she has failed to identify those facts or clearly describe the claim she is asserting.

As noted above, Plaintiff did not respond to the motions to dismiss despite the Court's direct warning that a failure to respond would result in the motions being granted. Doc. 40. Plaintiff did file a motion for summary judgment, but it does not provide reasons for denying the motions to dismiss. Plaintiff's motion for summary judgment argues that the City of Mesa violated her constitutional rights in connection with her conviction, including denying her right to indictment and a jury trial. Plaintiff also describes new constitutional violations resulting from the conviction, and argues various facts relating to actions by her husband and the circumstances of her arrest. The Court cannot find in the motion any basis for concluding that Plaintiff has stated a valid claim. Because this case has been pending for more than nine months, with Plaintiff having failed to respond to eight motions by Defendants, the Court concludes that the motions to dismiss should be granted and this case should be terminated. Although Plaintiff mentions in her motion for summary judgment that she will seek leave to amend, the new claims she describes (to the extent they can be understood by the Court) would also be barred by *Heck*. Plaintiff has had two opportunities to plead her claims, and the Court concludes that further amendments will only unnecessarily prolong this litigation.

1 **IT IS ORDERED** that the motions to dismiss (Docs. 37, 38, 39) are **granted**. Defendants' earlier motions (Docs. 4, 5, 7, 8, 9) and Plaintiff's motion for summary judgment (Doc. 41) are **denied as moot**. The Clerk shall terminate this action.

Dated this 31st day of March, 2014.

David G. Campbell
United States District Judge